**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN MCDANIELS,<br><br>          Plaintiff,<br><br>      v.<br><br>ARCHAEA ENERGY INC., J. KYLE DERHAM, KATHRYN JACKSON, JOSEPH MALCHOW, SCOTT PARKES, DANIEL JOSEPH RICE, IV, NICK STORK, and JAMES TORGERSON,<br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff John McDaniels ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against Archaea Energy Inc. ("Archaea" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of Archaea by BP Products North America Inc. ("BP").[1]

2.  On October 16, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") to be acquired by affiliates of BP. The Merger Agreement provides that Company stockholders will receive $26.00 in cash per share of Archaea common stock upon consummation of the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the November 14, 2022, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

---

[2] The Special Meeting at which stockholders are asked to approve the Proposed Transaction currently is scheduled for December 13, 2022.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Archaea common stock.

10. Defendant Archaea is a Delaware corporation with its principal executive offices located at 4444 Westheimer Road, Suite G450, Houston, Texas 77027.  Archaea's shares trade on the New York Stock Exchange under the ticker symbol "LFG."  Archaea is one of the largest renewable natural gas ("RNG") producers in the U.S. with an RNG platform primarily focused on capturing and converting waste emissions from landfills and livestock farms into low-carbon RNG and electricity.  As of September 30, 2022, Archaea owns, through wholly owned entities or joint ventures, a diversified portfolio of landfill gas ("LFG") recovery and processing facilities across 20 states, including facilities that produce pipeline-quality RNG and LFG to renewable electricity production facilities.

11. Defendant J. Kyle Derham ("Derham") is and has been a director of the Company at all times relevant hereto.

12. Defendant Kathryn Jackson is and has been a director of the Company at all times relevant hereto.

13. Defendant Joseph Malchow is and has been a director of the Company at all times relevant hereto.

14. Defendant Scott Parkes is and has been a director of the Company at all times relevant hereto.

15. Defendant Daniel Joseph Rice, IV ("Rice") is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

16. Defendant Nick Stork ("Stork") has been Chief Executive Officer and a director of the Company at all times relevant hereto.

17. Defendant James Torgerson is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On October 17, 2022, Archaea announced in relevant part:

HOUSTON--(BUSINESS WIRE)-- Archaea Energy Inc. ("Archaea") (NYSE: LFG), an industry-leading renewable natural gas ("RNG") company, today announced that it has agreed to be acquired by bp (NYSE: BP) for $26 per Archaea Class A and Class B share in cash, or a total enterprise value of approximately $4.1 billion, including approximately $800 million of net debt. The cash consideration represents an approximately 38 percent premium to Archaea's volume weighted average share price for the 30 days ending October 14, 2022.

Nick Stork, Chief Executive Officer and Co-Founder of Archaea, said, "Archaea was founded with a mission to build the world's leading RNG development

company to reduce global emissions and make multi-generational sustainability impacts. In a very short period of time, we have rapidly become a leading RNG platform in the U.S., and today's announcement will further enable this business to realize its full potential. bp is a world-class partner and a strong fit for Archaea, with a strategic focus on bioenergy and an operational history in the RNG value chain that is fully aligned with ours and our partners'. We are excited to join them in our mission to increase the role of RNG in helping customers reach their long-term climate goals, and I look forward to our hard-working team joining the bp organization to help achieve their bioenergy objectives. I am incredibly proud of our employees at Archaea who have driven this tremendous value creation and will continue to push forward Archaea's drive to foster clean energy growth and promote domestic energy reliance."

Daniel Rice, Chairman of Archaea's Board, said, "After a thorough review, our Board determined that combining Archaea's RNG assets and our strong development backlog with bp's existing bioenergy business and deep operational and financial resources is the best way to create a stronger platform to achieve Archaea's full potential, while maximizing value for our shareholders. Today's news would not be possible without the entire Archaea organization, our best-in-class employees and our industry partners."

**Strategic Benefits for Archaea and its stakeholders**

- bp provides Archaea access to unmatched, world-class platforms, capabilities, and capital resources for acceleration of its growth plans.

- Archaea's business will be able to access bp's trading capabilities and broad customer base, further helping many of bp's customers achieve their decarbonization goals.

- Archaea will be integral to bp's existing bioenergy business, which has established key positions in the segment and is one of bp's key transition growth engines, which is anticipated to further Archaea's growth into international markets.

**Additional Transaction Details**

Subject to regulatory approvals and Archaea shareholder approval, the parties are targeting closing the acquisition by the end of 2022. Certain existing Archaea shareholders, who collectively own approximately 27% of Archaea's outstanding shares, have agreed to vote their shares in favor of the transaction. Closing is not subject to any financing condition.

Upon completion of the transaction, Archaea will operate as a subsidiary within bp and become part of the larger global organization.

**Advisors**

BofA Securities acted as financial advisor to Archaea and Kirkland & Ellis LLP acted as Archaea's legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

20. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on November 14, 2022. The Proxy Statement, which recommends that Archaea stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the Company's financial forecasts and the financial analyses that support the fairness opinion provided by the Company's financial advisor BofA Securities, Inc. ("BofA Securities").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and BofA Securities' Financial Analysis*

21. The Proxy Statement fails to disclose material information concerning Archaea's financial forecasts, including the line items underlying the calculation of: (a) Adjusted EBITDA; (b) EBIT; (c) Levered Free Cash Flow; and (d) Unlevered Free Cash Flow for both the Company's "July Forecasts" and "September Forecasts."

22. The Proxy Statement fails to disclose the Company's terminal values as utilized by BofA Securities in its *Discounted Cash Flow Analysis.*

23. The Proxy Statement fails to disclose the individual price targets observed and the sources thereof as utilized by BofA Securities in its price targets analysis.

24. With respect to BofA Securities' review of the estimated net asset value per share of the Company provided by Company management, the Proxy Statement fails to

disclose: (a) the net asset value analysis performed; and (b) the inputs used to calculate the Company's net asset value per share.

25. The omission of the above-referenced information renders statements in the ""Certain Financial Projections," "Opinion of the Company's Financial Advisor" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

26. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ARCHAEA**

27. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

28. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Archaea is liable as the issuer of these statements.

29. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

30. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

31. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

32. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

33. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

34. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

35. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36. The Individual Defendants acted as controlling persons of Archaea within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Archaea and participation in and/or awareness of the Company's

8

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

37. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

38. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

39. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

40. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: November 18, 2022         **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*